UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIEN CRUZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>M. JOHNSON, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:24-cv-00686-KJM-JDP (PC)<br><br>**ORDER**:<br><br>(1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*;<br><br>(2) FINDING THAT THE COMPLAINT STATES COGNIZABLE EIGHTH AMENDMENT EXCESSIVE FORCE, INADEQUATE MEDICAL CARE, AND STATE LAW CLAIMS AGAINST DEFENDANTS JOHNSON, COLMENARES, AND DOES<br><br>(3) DIRECTING PLAINTIFF TO INDICATE WHETHER HE WISHES TO PROCEED WITH CLAIMS DEEMED COGNIZABLE IN THIS ORDER OR DELAY SERVICE AND FILE AN AMENDED COMPLAINT<br><br>ECF Nos. 1 & 7 |

　　Plaintiff, a state prisoner proceeding without counsel, alleges that defendants Johnson, Colmenares, Collado, and Does, violated his rights under the Eighth and Fourteenth Amendments and state law by using excessive force against him, denying him care for the injuries he sustained as a result of that force, and falsifying a disciplinary violation report in connection with that

incident.  As for defendant Johnson, I find that the Eighth Amendment excessive force and failure to provide medical care claims and state law claims for negligence, intentional infliction of emotional distress, and violation of the California constitution are suitable to proceed.  As for defendant Colmenares and the Does, I find that the Eighth Amendment failure to protect and failure to provide medical care claims and state law claims for negligence, intentional infliction of emotional distress, and violation of the California constitution are suitable to proceed.  By contrast, plaintiff's Fourteenth Amendment claims, his excessive force claims against Colmenares and the Does, and all of his claims against Collado, as articulated and for the reasons stated below, are non-cognizable.  Plaintiff must decide whether to proceed with the claims deemed cognizable or delay serving any defendant and file an amended complaint.  I will grant plaintiff's application to proceed *in forma pauperis*.  ECF No. 7.

## Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that on August 30, 2022, he ventured into a building in Folsom State Prison in search of forms that would permit him to receive a family visit. ECF No. 1 at 7-8. While there, he was confronted by defendant Johnson, a correctional officer, and ordered to submit to handcuffs. *Id.* at 8. He did so, but alleges that Johnson made the cuffs so tight that they caused him intense pain in his wrists. *Id.* at 8-9. He complained repeatedly, first to Johnson herself, then to defendant Colmenares and the "Doe" defendants, that his wrists were hurting and that he needed medical attention. *Id.* at 9-10. Eventually, the handcuffs were removed with difficulty, but plaintiff's wrists had swollen, and he alleges that he suffered nerve damage. *Id.* at 9-11.

These allegations are sufficient to state Eighth Amendment excessive force and failure to provide medical care claims and state law claims for negligence, intentional infliction of emotional distress, and violation of the California constitution against defendant Johnson. They are also sufficient to state Eighth Amendment failure to protect and failure to provide medical care claims and state law claims for negligence, intentional infliction of emotional distress, and violation of the California constitution against defendants Colmenares and the "Doe" defendants.

By contrast, no viable claim has been stated against defendant Collado, a registered nurse. Plaintiff alleges that, after his cuffs were removed, she misstated and falsified information on a form that detailed the events leading to plaintiff's restraint. *Id.* at 10-11. The falsification of a prison medical report or form does not, standing alone, give rise to any violation of federal law. Courts have determined, for instance, that there is no established federal law entitling an inmate

to be free of false accusations made by prison staff. *Garrott v. Glebe*, 600 F. App'x 540, 542 (9th Cir. 2015) ("Nor has Garrott shown that it is clearly established federal law that a prisoner has a right to be free from false accusations."); *see also Harper v. Costa*, No. CIV S-07-2149 LKK DAD P, 2009 U.S. Dist. LEXIS 50418, *6 (E.D. Cal. Jun. 15, 2009) (collecting cases supporting this point). Here, it bears further note, Collado does not appear to have falsely accused plaintiff of anything, insofar as she did not (and, as a medical staff member, could not) author a disciplinary report against him. Nor does plaintiff allege either that she provided substandard medical care or that she was positioned to intervene when he asked for help. *See* ECF No. 1 at 10 (indicating that medical staff, including Collado, were summoned after the handcuffs had already been removed). These allegations also do not lend themselves to any state law claim against Collado.

Additionally, no Fourteenth Amendment claim for a false disciplinary, filed by defendant Johnson, is cognizable. As noted above, there is no right to be free from false allegations, and plaintiff does not allege that the false disciplinary was retaliatory; rather, he contends it was issued to cover up Johnson's conduct. *Id.* at 17. And he does not allege that he was denied any of the process he was due in connection with the proceedings that followed the issuance of the false disciplinary report.

Further, although plaintiff states cognizable Eighth Amendment claims for failure to protect and failure to provide medical care against defendant Colmenares and the "Doe" defendants, he cannot also sustain a separate Eighth Amendment excessive force claim against them. Notably, plaintiff does not allege that any defendant other than Johnson committed an affirmative act that deployed force against him. Rather, they failed to protect him from Johnson's alleged excesses. *See Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1069 (9th Cir. 2016) ("An excessive force claim requires an affirmative act; a failure-to-protect claim does not require an affirmative act.").

Finally, plaintiff cannot sustain a state law assault claim against any defendant. Assault under California law requires an attempted use of force. *See Tekle v. United States*, 511 F.3d 839, 855 (9th Cir. 2007) (listing the elements of civil battery under California law). Here, plaintiff

4

appears to be attempting to raise a state law battery claim insofar as Johnson successfully used force against him. If he wishes to raise that claim, he may do so in an amended complaint. The complaint, as articulated, fails to state a claim for either assault or battery against any defendant other than Johnson.

Accordingly, it is ORDERED that:

1. Within thirty days of this order's entry, plaintiff shall either inform the court in writing of his intention to proceed with the claims deemed cognizable in this complaint, or he shall file an amended complaint.

2. The Clerk of Court is directed to send plaintiff a section 1983 complaint form with this order.

3. Plaintiff's application to proceed *in forma pauperis*, ECF No. 7, is GRANTED.

IT IS SO ORDERED.

Dated: July 22, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE